■ GUY P. WYSER-PRATTE, Appellant, v JUDITH N. WYSER-PRATTE, Respondent. — Order of the Supreme Court, New York County (Ostrau, J.), entered on or about November 13, 1984, which, *inter alia,* granted defendant-respondent's motion for modification of maintenance to the extent of referring the matter to Trial Term for a hearing to determine whether there has been a change in defendant-respondent's financial circum-

stances, is unanimously reversed, to the extent appealed from, on the law and the facts, without costs, and the hearing is denied.

Plaintiff Guy P. Wyser-Pratte and defendant Judith N. Wyser-Pratte were granted a dual divorce by judgment entered September 19, 1984, after a nine-month marriage. Defendant was denied maintenance on the finding that she was "capable of supporting herself." Defendant filed a notice of appeal from this judgment, except for the portion granting her a divorce, and has not perfected that appeal. A motion to dismiss is pending. By order to show cause dated November 8, 1984, defendant moved to modify the final judgment of divorce. The court below granted some provisions of the application on consent, and this appeal does not deal with those provisions. Contested on this appeal, however, is that portion of the order which granted defendant a hearing to determine if there are any changes in her financial circumstances so as to warrant, pursuant to Domestic Relations Law § 236 (B) (9) (b), a modification of the maintenance decision. In relevant portion, this statute states: "Upon application by either party, the court may annul or modify any prior order or decree as to maintenance or child support, upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstance, including financial hardship."

We find that Special Term abused its discretion in granting a hearing on the basis of the "alleged change in defendant's financial circumstances" when defendant failed to make such a claim of changed circumstances, substantial or otherwise, either in her papers below or even on appeal. Since the relief accorded defendant was based on the trial court's erroneous belief that she had made such a claim, that portion of the order is thereby reversed. In light of the above, we find it unnecessary at this time to reach the question of whether the statute permits modification of an order which has denied any maintenance in the first place. Concur — Kupferman, J. P., Carro, Bloom, Milonas and Ellerin, JJ.